**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
|  | * |
| **UNITED STATES OF AMERICA** | * |
| **v.** | * |
| **CORY COLLIN FITZGERALD SANDERS,** | * |
| **Defendant.** | * |

* * * * * * * * * * * *

                **CRIM. NO. JKB-20-0168**

## MEMORANDUM AND ORDER

In March 2023, following a jury trial, Sanders was convicted of several counts of wire fraud in violation of 18 U.S.C. § 1343, false claims in violation of 18 U.S.C § 287, and false document in violation of 18 U.S.C. § 1001(a)(3). On July 18, 2023, Sanders was sentenced to 45 months as to each count to run concurrent for a total term of 45 months. (ECF No. 182.) Pending before the Court is Cory Sanders' Motion for Reduction in Sentence or Deferred Judgment and Remand to Treatment Facility (ECF No. 219); Motion for Appointment of a CJA Panel Attorney and to Supplement the Compassionate Release Motion (ECF No. 224); Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 227); and Motion to Compel (ECF No. 232). He has filed supplements, which the Court has also reviewed. (ECF Nos. 225, 229.) The Court will deny Sanders' Motions.

### I. Compassionate Release

Sanders has moved for compassionate release. (ECF No. 219.) He explains that he has health issues, including polycystic kidney disease and mental health issues. (*Id.*) He also explains that family circumstances warrant his release, given that his daughter and her mother had to move

1

back in with family given Sanders' incarceration and that his father has stage four cancer and has no one to care for him. (*Id.*) He explains that he has "paid his dues" and further incarceration is not warranted; that he has a low risk of recidivism; and that his criminal behavior was aberrant. (*Id.*) He also argues that he should have received a two-point sentence reduction under Amendment 821. (*Id.*) Sanders also argues that he has been a model inmate and has had a significant amount of rehabilitation. (ECF No. 225.) The Court will deny the Motion.

## A. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and quotations omitted).[1]

## B. Analysis

Sanders does not present extraordinary and compelling reasons warranting his release. With respect to his health issues, the record does not reflect that his kidney and mental health issues are sufficiently severe so as to present a reason justifying his early release. *See, e.g.*, USSG § 1B1.13(b)(3) (explaining that extraordinary and compelling reasons exist where the defendant is suffering from a terminal illness or a condition that "substantially diminishes the ability of the

---

[1] As the Court explained in more detail previously, the Court must also consider whether the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). When the Fourth Circuit decided *McCoy*, there were no applicable policy statements, and therefore district courts could consider any extraordinary and compelling reason that a defendant might raise. *See United States v. Brown*, Crim. No. JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023). In November 2023, newly amended Sentencing Guidelines went into effect, which do address detainee-filed compassionate release motions. *Id.* The new Guidelines include a catchall provision that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *Id.* Thus, the Court continues to consider any extraordinary and compelling reasons that a defendant raises.

2

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover").

With respect to his family situation, Sanders likewise does not present extraordinary and compelling reasons warranting his release. He does not demonstrate that his daughter is without a caregiver. *See* USSG § 1B1.13(b)(3) (explaining that extraordinary and compelling reasons exist in the face of the "death or incapacitation of the caregiver of the defendant's minor child"); *United States v. Young*, Crim. No. 20-00004, 2023 WL 5240789, at \*3 (S.D.W. Va. Aug. 11, 2023) ("Generally, courts will deny compassionate release when another suitable caregiver is available for the defendant's child." (citation and quotations omitted).) With respect to his father, the records Sanders submits only establish that his father is ill, not that he is incapacitated or that Sanders is the only person who can care for him. *See* USSG § 1B1.13(b)(3) (providing that extraordinary and compelling reasons exist where a defendant's parent is incapacitated and "when the defendant would be the only available caregiver for the parent"); *United States v. Brown*, Crim. No. JKB-16-0427, 2022 WL 1664474, at \*3 (D. Md. May 25, 2022) (denying compassionate release where petitioner did "not sufficiently establish[] that (1) his parents are incapacitated or (2) that he is the only person available to provide them with care").

Sanders' arguments regarding whether incarceration is warranted, his low risk of recidivism, and that his criminal behavior was out of the ordinary likewise do not provide extraordinary and compelling reasons justifying his release. These factors alone simply do not provide the Court with a reason to reduce his sentence. *See, e.g.*, *United States v. Powell*, Crim. No. 2:11-205, 2023 WL 5489030, at \*4 (E.D. Va. Aug. 24, 2023) (explaining that "low risk of recidivism alone is not an extraordinary and compelling reason justifying a sentence reduction"). In addition, Sanders argues that he has been rehabilitated. Although the Court commends the

3

strides he has made while incarcerated, Sanders has only been in prison a matter of months, and the Court does not find that any rehabilitation constitutes an extraordinary and compelling reason justifying his release.

Sanders also argues that he should have received a two-point sentence reduction under Amendment 821. However, as relevant here, the two-point reduction under Amendment 821 applies to certain defendants who have no criminal history points. *See* USSG § 4C1.1. Sanders' Amended Presentence Report reflects that he received one criminal history point for a prior offense, and he is therefore not eligible under Amendment 821.[2]

Thus, the Court finds that there are no extraordinary and compelling reasons justifying Sanders' release. Moreover, the Court finds that the § 3553(a) factors do not support a reduction in his sentence. The Court carefully considered those factors at Sanders' sentencing just eight months ago in July 2023, and nothing in Sanders' filings changes the Court's assessment of those factors. The Court continues to find that the 45-month sentence it imposed is sufficient but not greater than necessary to achieve the purposes of sentencing under § 3553(a).

## II.    Appointment of Counsel

Sanders seeks appointment of counsel. (ECF Nos. 224, 229.) The Court will deny this request. There is no right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). However, the Court has discretion to appoint counsel. *See, e.g.*, *United States v. Wylie*, Crim. No. KDB-18-0054, 2021 WL 5406880, at *1 (W.D.N.C. Nov. 18, 2021)

---

[2] Sanders raises certain other issues, such as arguments that appear to relate to prosecutorial misconduct and ineffective assistance of counsel. (*See* ECF No. 219 at 9–10.) However, these arguments challenge the validity of his conviction and are not appropriate for consideration in a Motion for Compassionate Release. *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022) (holding that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence").

4

("There is no general constitutional right to appointed counsel in post-conviction proceedings [but the] Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require.").   In the instant case, however, Sanders has not demonstrated that the interests of justice warrant the appointment of counsel.

Accordingly, it is ORDERED that:

1.  Sanders' Motion for Reduction in Sentence or Deferred Judgment and Remand to Treatment Facility (ECF No. 219) is DENIED;

2.  Sanders' Motion for Appointment of a CJA Panel Attorney and to Supplement the Compassionate Release Motion (ECF No. 224) is DENIED;

3.  Sanders' Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 227) is DENIED; and

4.  Sanders' Motion to Compel (ECF No. 232), in which he seeks for the Court to assess his Motions, is DENIED AS MOOT.

Dated this ___7___ day of March, 2024

BY THE COURT:

James K. Bredar
Chief Judge